IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD C. HUGLER, | ) | |
| ACTING SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 8:17-cv-74 |
| v. | ) | |
| | ) | |
| CILANTROS MEXICAN BAR & GRILL, LLC, | ) | |
| MANAGUA, LLC, and ALEGRIA LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due to Defendants' employees, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owed to certain of Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

3. Defendant Cilantros Mexican Bar & Grill, LLC, at all times relevant to this Complaint and since 2011, has been a Nebraska limited liability company doing business as Cilantro's Mexican Bar & Grill, located at 14440 F Street, Omaha, Nebraska 68137, in Douglas County, within the jurisdiction of this Court. Cilantros Mexican Bar & Grill, LLC regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

4. Defendant Managua, LLC, at all times relevant to this Complaint and since September 2013, has been a Nebraska limited liability company doing business as Cilantro's Mexican Bar & Grill, located at 646 North 114th Street, Omaha, Nebraska 68154, in Douglas County, within the jurisdiction of this Court. Managua, LLC regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

5. Defendant Alegria LLC, at all times relevant to this Complaint and since August 2015, has been a Nebraska limited liability company doing business as Cilantro's Mexican Bar & Grill, located at 7515 Pacific Street, Suite A, Omaha, Nebraska 68114, in Douglas County, within the jurisdiction of this Court. Alegria LLC regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

## COVERAGE

6. From at least May 9, 2013, Defendant Cilantros Mexican Bar & Grill, LLC, has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000, exclusive of

excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

7. Since at least September 2013, the business activities of Defendant Cilantros Mexican Bar & Grill, LLC and Defendant Managua, LLC, were, and are, related and performed through unified operation or common control for a common business purpose, and have constituted an enterprise within the meaning of section 3(r) of the Act.

8. Since at least September 2013, the enterprise of Defendant Cilantros Mexican Bar & Grill, LLC and Defendant Managua, LLC, has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

9. Since at least August 2015, the business activities of Defendant Cilantros Mexican Bar & Grill, LLC, Defendant Managua, LLC, and Defendant Alegria LLC, were, and are, related and performed through unified operation or common control for a common business purpose, and have constituted an enterprise within the meaning of section 3(r) of the Act.

10. Since at least August 2015, the enterprise of Defendant Cilantros Mexican Bar & Grill, LLC, Defendant Managua, LLC, and Defendant Alegria LLC has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and annual gross volume of sales

made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

FACTUAL ALLEGATIONS

11. During the period May 9, 2013 through May 9, 2016, the Defendants employed certain non-exempt employees in various positions including as managers, hostesses, servers and kitchen employees at the Cilantro's Mexican Bar & Grill locations, including those employees and former employees named in Appendix A attached hereto.

12. Defendants did not pay certain employees at least the minimum wage of $7.25 per hour for all hours worked in one or more workweeks.

13. Defendants did not pay to certain employees overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks.

14. Defendants did not make, keep and preserve required records accurately.

15. Defendants did not make any records of the wages paid with respect to certain employees paid in cash.

VIOLATIONS OF THE ACT

16. Defendants have willfully violated the provisions of sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce at wage rates less than the applicable federal minimum wage of $7.25 per hour.

17. Defendants have willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

18. Defendants have willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

19. As a result of the violations of the Act alleged in paragraphs 16-18 above, amounts are owed for unpaid minimum wages and overtime compensation to certain employees specifically named in Appendix A attached to Plaintiff's Complaint for the period from May 9, 2013 through at least May 9, 2016. A judgment granting recovery of unpaid wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

20. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A. For an order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wages and overtime compensation that may be found by the Court to be due under the Act to certain employees of the Defendants named in Appendix A attached to Plaintiff's Complaint, and an equal additional amount as liquidated damages.

B. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from continuing to withhold the payment of any unpaid overtime compensation found to be due certain employees who are presently unknown to Plaintiff, plus interest on the unpaid overtime compensation from the date the compensation became due until the date of judgment;

C. For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act;

D. Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action; and,

E. Such other further relief as the Court deems necessary and appropriate.

        Nicholas C. Geale
        Acting Solicitor of Labor

        Christine Z. Heri
        Regional Solicitor
        IL Bar #6204656

        H. Alice Jacks
        MO Bar #24482
        Associate Regional Solicitor

        /s/ Dana M. Hague
        Dana M. Hague
        KS Bar #21572
        Attorney

        Office of the Solicitor
        U.S. Department of Labor
        2300 Main Street, Suite 1020
        Two Pershing Square Building
        Kansas City, MO 64108
        Telephone: (816) 285-7260
        Facsimile: (816) 285-7287
        E-mail: hague.dana.m@dol.gov

        Attorneys for Secretary of Labor