IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD C. HUGLER,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>  v.<br><br>CILANTROS MEXICAN BAR & GRILL, LLC,<br>MANAGUA, LLC, AND ALEGRIA, LLC,<br><br>                Defendants. | CIVIL ACTION FILE<br>NO. 8:17-CV-74 |

**DEFENDANTS SUGGESTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The Defendants by and through their attorney, David Alegria, submit the following suggestions in opposition to plaintiff's motion for leave to file amended complaint:

**INTRODUCTION**

Because plaintiff's complaint failed to contain sufficient factual matter, which even if accepted as true, failed to 'state a claim to relief that is plausible on its face in violation of the requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), defendants filed a motion to dismiss.

After requesting and obtaining an extension to respond to defendants' motion to dismiss, instead of responding to the motion to dismiss, plaintiff asks the Court for leave to file an amended complaint.

Plaintiff's amended complaint does not add any factual matter which renders the proposed amendment futile.

In the amended complaint, in the section about defendants, plaintiff adds 3 additional paragraphs, one as to each defendant reciting the percentage of ownership of the corporate members.

In the coverage section of the amended complaint, plaintiff merely separates a couple paragraphs into four paragraphs.

Most important, in the factual allegations, plaintiff converts the original 5 paragraphs into 9 paragraphs adding a few words but nothing of substance.

The amended complaint therefore is subject to dismissal and it is therefore futile.

**ARGUMENT**

Plaintiff's amended complaint neither remedies the lack of factual matter nor the lack of notice to defendants.

After years of investigating defendants' payroll records, time records and interviewing defendants' employees, plaintiff is unable to state who was underpaid, for what period of time anyone was underpaid, and what time

records were not kept.

Instead, plaintiff attaches a list of defendants' employees and makes vague allegations as to "certain employees."

Plaintiff's extreme carelessness is exemplified by the inclusion in its list an employee that was paid $117,900.00 in the year 2014. That same employee was paid $69,000.00 for part of the year 2015. Attached hereto are redacted copies of this employee's W-2s. Defendants' employees swipe a computer card to begin work and again, at the end of the shift. The computer, therefore, records the hours worked. All of the records were provided to plaintiff. Defendants are unable to divine what time records were allegedly not kept and the complaint does not provide any facts that would put defendants on notice of what to defend.

Leave to amend should be denied if the amendment is futile. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

An amendment is futile if " the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

Defendants are entitled to know what employees if any have specific

8:17-cv-00074-JFB-SMB  Doc # 24  Filed: 08/09/17  Page 4 of 7 - Page ID # 101

claims, the period of time of the claims, the amounts of the alleged claims.

In order to comply with *Iqbal* and *Twombly*, plaintiff's amended complaint needs to state with particularity the facts supporting the allegations that Defendants failed to keep time records. Specifically, what records were not kept.

The complaint needs to state what employees were injured. Providing a generic list of employees and generic allegations of underpayment does not suffice. The example above in which one of its employees was paid $117,900.00, if the employee worked a normal 8 hour shift or 2080 hours annually, it would result in an hourly rate of $56.68.

If the same employee worked 24 hours a day 7 days per week or 168 hours per week, which is impossible, Federal law would require defendants to pay at least $7.25 per hour for the first 40 hours or $290.00. The remaining 128 hours would be paid at 1.5 x $7.25 or $10.87 for a total of $1,392 of weekly overtime. The total weekly pay would be $1,683.00.

$1,683.00 per week times 52 weeks in a year would result in an annual rate of $87,464.00. Therefore, if this employee worked every hour of every single day of the year under federal law, his wages would be $87,464.00. Since this employee was paid $117,000.00, defendants can not fathom why plaintiff would list such employee.

This degree of carelessness or lack command of the facts is just one

example of why plaintiff's complaint should be dismissed.

Plaintiff should be required to make tangible valid and specific claims if it has any. Putting defendants through the cost of defending generic and vague claims would be economically disastrous for small businesses such as defendants.

## STATUTE OF LIMITATIONS

Plaintiff's amended complaint fails to address defendants motion to limit any claim in accordance with the applicable two year statute of limitations, nor has plaintiff made any allegations of willfulness.

Plaintiff alleges violations for a period of May 9, 2013 to May 9, 2016, a period of three years. However, Plaintiff filed this case on March 8, 2017. Under 29 U.S.C. § 255(a), the statute of limitations for an FLSA claim is two years unless the violation is "willful."

A violation is "willful" under the statute if the "employer 'knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].

However, Plaintiff has alleged no facts, reasons or bases to invoke a three year statute of limitations.

More important, Plaintiff has not alleged any conduct that occurred in the third year (2013-2014) that rises to the level of a willful violation.

To invoke the three year statute of limitations period under 29 U.S.C.

§ 255(a), the willful violation that gives rise to the cause of action must occur during the third year preceding the date the complaint is filed. 29 U.S.C. § 255(a)

Since the case was filed on March 8, 2017, under the statute of limitations, any potential claims are limited to the period between March 8, 2015 to May 9, 2016. This period is two years from the filing of the complaint and ending on the May 9, 2016 ending date alleged by plaintiff.

Therefore, if the Court does not dismiss this case, defendants' respectfully requests that any claims be limited to the period of March 8, 2015 to May 9, 2016.

## CONCLUSION

The scant conclusory allegations of four paragraphs are far from what is required to survive a motion to dismiss.

No facts demonstrate the existence of an enterprise, no facts give notice of failure to keep records and no facts exist that give rise to wage claim violations.

For all of the above reasons, Cilantros Mexican Bar & Grill, LLC, Managua, LLC and Alegria LLC pray that the Court dismiss this matter against defendants and for such other and further relief as the Court deems appropriate.

Respectfully Submitted,

s/David O. Alegria_____
David O. Alegria, #13111
Law Office of David O. Alegria
5895 SW 29th St.
Topeka, KS  66614
(785) 783-7065
davidalegria@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August , 2017 the above and foregoing was filed with the Clerk of the District Court using the electronic filing system that in turn will give notice to all parties of record.

s/David O. Alegria_____
DAVID O. ALEGRIA, KS # 13111