IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD C. HUGLER,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>  v.<br><br>CILANTROS MEXICAN BAR & GRILL,<br>LLC, MANAGUA, LLC, and ALEGRIA LLC,<br><br>    Defendants. | **8:17CV74**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendants' motions to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Filing No. 9; Filing No. 10; Filing No. 11. Plaintiff alleges that defendants violated sections of the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 201 et seq. Specifically, plaintiff alleges that defendants are an enterprise engaged in commerce under the meaning of the Act, that defendants failed to pay at least the minimum wage to certain employees, that defendants failed to pay overtime compensation to certain employees, and that defendants failed to make, keep, and preserve records required under the Act. Filing No. 20, Exhibit 1, Amended Complaint.

**Background**

Plaintiff, who is the Acting Secretary of Labor, filed a complaint against Cilantros Mexican Bar & Grill, LLC, Managua LLC, and Alegria, LLC. Plaintiff alleges that defendants are an enterprise under the FLSA. Plaintiff alleges defendants violated the FLSA by failing to pay certain employees at least the minimum wage, by failing to pay overtime compensation, and by failing to make, keep, and preserve required records.

Plaintiff names these employees in Appendix A. Defendants then each filed a motion to dismiss alleging that plaintiff's complaint fails to state a claim upon which relief may be granted. Filing No. 9, Filing No. 10., Filing No. 11. The three motions to dismiss appear to be identical and raise the same issues. As such, the motions to dismiss will be considered together.

Defendants allege plaintiff failed to plead any facts, and that the complaint did not give defendants notice of what the claims are and which defendant must defend against which claims. Defendants also allege that a portion of the claim is time-barred by the statute of limitations. Plaintiff filed a motion for leave to file an amended complaint and included the amended complaint as Exhibit 1. Filing No. 20. Plaintiff argues the amended complaint fixes the prior deficiencies. Defendant argues leave to amend the complaint would be futile because the amended complaint still fails to state a claim upon which relief may be granted.

In the amended complaint, Plaintiff provides further allegations. Plaintiff alleges defendants failed to pay at least the minimum wage by not compensating employees for all hours worked including mandatory staff meetings and by paying salaried nonexempt employees less than minimum wage for all hours worked. Plaintiff alleges defendants failed to pay overtime compensation by paying straight time for overtime hours, not compensating employees for all hours worked, not combining hours of employees who worked at more than one Cilantro's Mexican Bar and Grill restaurant location for calculating overtime, and not paying overtime to salaried nonexempt employees. Plaintiffs allege defendants did not make, keep, and preserve records of the hours

employees actually worked each workday and workweek, of wages paid in cash, and of deductions in wages for uniform costs.

**Standard of Review**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "[O]n the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." Id. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

4

**Discussion**

Plaintiff alleges defendants are covered employers under FLSA minimum wage and overtime compensation requirements as an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206-207 (2016 & 2010). An enterprise is defined in the Act and the plaintiff must allege defendants have related activities performed, through unified operation or common control, for a common business purpose. 29 U.S.C. § 203 (2014). Plaintiff alleges defendants operate the same type of business under the same name in the same geographic area. Plaintiff also alleges that the defendant companies are owned by the same people in the same percentages for each company. In order to be an enterprise engaged in commerce or the production of goods for commerce, the plaintiff must also allege: (1) employees either engaged in commerce, the production of goods for commerce, or that employees handle, sell, or work on good or materials that have been moved or produced for commerce, and (2) their annual gross volume of sales made or business done is not less than $500,000. Plaintiff alleges defendants meet both these requirements. Plaintiff alleges defendants violated the FLSA by failing to pay at least minimum wage for certain employees, failing to pay overtime compensation to certain employees, and failing to make, maintain, and preserve records required by the Act.

The Court finds that plaintiff has sufficiently pled these allegations. Plaintiff alleges defendants are covered employers under the FLSA as an enterprise engaged in commerce or in the production of goods for commerce. Alleging these requirements is sufficient to survive a motion to dismiss. *Duby v. Shirley May's Place, LLC*, No. 16-11443, 2017 WL 1021062, at *3 (E.D. Mich., March 16, 2017). Several cases have held

that it is sufficient to plead coverage, that the employee worked more than 40 hours in one workweek, and that the employee was not paid overtime compensation. *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763-4 (11th Cir. 2008); McDonald v. Kellogg Co., No. 08-2473-JWL, 2009 WL 1125830, at *1 (D. Kan., Apr. 27, 2009); See *Kehler v. Albert Anderson, Inc.*, No. 16-5318 (JBS/KMW), 2017 WL 1399628, at *7 (D. N.J., Apr. 18, 2017). Similarly, cases have held similar liberal pleading standards for alleging failure to pay minimum wage, and for alleging failure to make, keep, and preserve records. See *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763-4 (11th Cir. 2008); *Schmidt v. DIRECTV, LLC*, No. 14-3000 (JRT/JSM), 2016 WL 519654, at *18 (D. Minn., Jan. 22, 2016); *Kemp v. Frank Fletcher Cos., Ltd.*, No. 4:10CV01122JLH, 2010 WL 4096564, at *2 (E.D. Ark., Oct. 18, 2010). Plaintiff also alleges the actions that led to the wrongful compensation (e.g. not combining hours of employees who worked at more than one Cilantro's Mexican Bar and Grill restaurant location). Further, the amended complaint gives defendants notice of the claims against it- willful failure to pay minimum wage and overtime, and keep, make, and preserve certain records, as well as who was paid wrongfully- employees listed in Appendix A, and the timeframe for when the employees were paid wrongfully.

Some circuit courts have held the plaintiff must allege facts demonstrating that there was at least one week in which the plaintiff worked over forty hours and was not compensated for overtime. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242-43 (3d Cir. 2014) (stating allegations that plaintiffs typically worked 40 hours a week and frequently worked extra time is not

6

sufficient because plaintiffs did not allege a single workweek in which they worked 40 hours and extra time); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013). However, plaintiffs are not required to allege a *particular* week in which they worked over forty hours and were not compensated for overtime. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).

Plaintiff alleges that employees worked over 40 hours in one or more work weeks and were not properly compensated overtime. Plaintiff alleges reasons why overtime was not properly calculated, including failing to combine hours of employees who worked at more than one location and failing to pay for all hours worked such as time in mandatory staff meetings. Plaintiff has plausibly stated weeks in which employees would have worked more than 40 hours that week and not been properly compensated, e.g. weeks where more than 40 hours were worked by an employee by working at more than one location. The Court finds these allegations are sufficient on a motion to dismiss.

Lastly, defendants allege part of the time claimed by plaintiff is time-barred by the statute of limitations. The statute of limitations is an affirmative defense, which is generally not considered on a motion to dismiss for failure to state a claim upon which relief may be granted. *Couzens v. Donohue*, 854 F.3d 508, 516 (8th Cir. 2017) ("As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule12(b)(6) dismissal unless the complaint itself establishes the defense.'") (quoting *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011)); *Jessie v. Potter*, 516 F.3d 709, 716 n.2 (8th Cir. 2008) ("[T]herefore the possible existence of a

statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.") (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017 (8th Cir. 2004)). The general statute of limitations for an FLSA claim is two years; however, it may be extended to three years if the violation was willful. 29 U.S.C. § 2617(c) (2008). Willful violations of the FLSA have a three year statute of limitations. Plaintiff pleads willfulness in his complaint. Pleading willfulness is sufficient to survive a motion to dismiss. *Svoboda v. Tri-Con Indus., Ltd.*, No. 4:08CV3124, 2008 WL 4754647, at *2 (D. Neb., Oct. 27, 2008) (finding a general allegation that the employer's violation was willful was sufficient to extend the statute of limitations to three years on a motion to dismiss).

The Court finds that plaintiff has alleged sufficient facts to meet the *Iqbal* and *Twombly* requirements. Clearly, defendants are on notice of the charges against it. There are sufficient facts to proceed to discovery. Accordingly, the Court will grant the motion for leave to amend the complaint and deny the motions to dismiss.

THEREFORE IT IS ORDERED THAT:

1. Plaintiff's motion for leave to amend the complaint, Filing No. 20, is granted and Plaintiff shall file the amended complaint within three (3) days of the date of this order.

2. Defendants' motions to dismiss, Filing No. 9, Filing No. 10, Filing No. 11, are denied.

Dated this 8th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge