# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICK PIZZELLA,[1]<br>ACTING SECRETARY OF LABOR<br>UNITED STATES DEPARTMENT OF LABOR,<br>    Plaintiff,<br><br>v.<br><br>CILANTROS MEXICAN BAR & GRILL, LLC,<br>MANAGUA, LLC, and ALEGRIA LLC,<br>    Defendants. | NO. 8:17-CV-74 |

## CONSENT JUDGMENT

Plaintiff Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor ("the Secretary") having filed his Amended Complaint, and Cilantros Mexican Bar & Grill, LLC, Managua, LLC, and Alegria LLC (collectively "Defendants"), having agreed to the entry of this Judgment without contest;

It is, therefore, upon motion of counsel for the Secretary, and for good cause shown:

**ORDERED, ADJUDGED, and DECREED** that Defendants are permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq., hereinafter the "FLSA"), including in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to their employees engaged in commerce or in the production of goods for commerce, or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than those which are now, or which in the future may become, applicable under 29 U.S.C. § 206, unless an exception under the United States Code should apply to that particular employee or employment situation.

---

[1] This action was commenced in the name of Edward C. Hugler, Acting Secretary of Labor. R. Alexander Acosta, Secretary of the Department of Labor, was later substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(d). Mr. Acosta is now the former Secretary of Labor and Patrick Pizzella is the Acting Secretary. Therefore, Mr. Pizzella is being automatically substituted for Mr. Acosta as the Plaintiff, pursuant to Rule 25(d), and the caption of this action is amended accordingly.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in commerce or in the production of goods for commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to sections 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 211(c) of the FLSA and 29 C.F.R. § 516. Defendants shall make such records available at all reasonable times to representatives of the Secretary.

4. Defendants shall not categorize employees as salaried pursuant to § 213(a)(1) and the implementing regulations at 29 C.F.R. Part 541, and therefore exempt from FLSA overtime and minimum wage requirements, unless the employee(s) meet each requirement for the exemption. When employees are appropriately categorized as exempt pursuant to § 213(a)(1) and 29 C.F.R. Part 541, Defendants shall not switch employees to hourly pay and then back to salaried for certain days or weeks for any reason, including but not limited to, vacation or hours worked. Defendants are not, however, precluded from changing an employee from salaried to hourly due to a non-temporary reason such as a change in position or non-temporary change in hours worked.

**It is further ORDERED, ADJUDGED and DECREED:**

5. The Secretary shall recover from Defendants the sum of $ 19,247.55 representing alleged unpaid minimum wages and overtime compensation for employees identified in Exhibit A, attached hereto.

6. Defendants shall pay the $ 19,247.55 on or before November 1, 2019 by mailing a certified or cashier's check made payable to "Wage and Hour – Labor," to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638. Alternatively, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching

"WHD BW Payment – MW Region." Along with the payment of $ 19,247.55, Defendants shall furnish to Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638 the following information:

   a. The federal tax identification number for each Defendant;
   b. The Social Security Number, last known address, last known telephone number and last known e-mail address of each person listed in Exhibit A hereto.

7. Upon receipt of full payment from Defendants, the Secretary's counsel shall file with the Court a certificate of payment, and representatives of the Secretary shall distribute Defendants' payments, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees listed in Exhibit A, or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the Fair Labor Standards Act. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

8. On or before November 1, 2019, Defendants shall pay an FLSA Civil Money Penalty in the amount of $ 1,750.00 to the Secretary. To make payment, Defendants shall deliver a certified check or a cashier's check made payable to "Wage and Hour Division – Labor" in the amount of $ 1,750.00, to the attention of Andrea Rasmussen, Assistant Area Director, Omaha Area Office, U.S. Department of Labor – Wage and Hour Division, 222 S. 15th Street, Suite 504A, Omaha, NE 68102.

9. Failure by Defendants to make the payments as required by the terms of this judgment shall cause any remaining balance to become immediately due and payable by Defendants. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

It is further **ORDERED, ADJUDGED and DECREED** that Defendants shall implement the following enhanced compliance measures:

10. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee employed by any individual or entity named as a Defendant in the above-captioned action, to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA; nor shall Defendants raise an employee's immigration status as a defense to the payment of back wages in any suit alleging such retaliation.

11. Defendants shall not allow any employee to work without proper compensation, including time spent in meetings, pre-shift or post-shift work, or time spent working during meal periods.

12. Defendants shall ensure that an accurate record of employees' hours worked is kept, including all meetings, pre-shift and post-shift work, and in all instances where a meal period was interrupted or not taken.

13. If Defendants pay employees in cash, then Defendants must maintain documentation to prove the manner in which the employee(s) received the payment; the date on which the employee(s) received the payment; a description of the method by which the gross pay was computed; and a description of all additions or deductions made to the gross pay, including amounts.

14. Within ten (10) business days of entry of this Judgment, Defendants shall post U.S. Department of Labor FLSA Minimum Wage poster (WH 1088) in a conspicuous and prominent location at all restaurant establishments, in both English and Spanish. This poster is available for download and printing at https://www.dol.gov/WHD/resources/posters.htm.

15. Within ten (10) business days of entry of this Judgment, Defendants shall make available to all employees at all restaurant locations the following:

   a. Publication WH-1292 Handy Reference Guide to the FLSA, in English and Spanish (English version https://www.dol.gov/whd/regs/compliance/wh1282.pdf);

   b. Fact Sheet #23, Overtime Pay Requirements of the FLSA, in English and Spanish, (https://www.dol.gov/whd/regs/compliance/whdfs23.pdf); (https://www.dol.gov/whd/regs/compliance/whdfs23span.pdf); and

   c. Fact Sheet #15A, Ownership of Tips Under the Fair Labor Standards Act (https://www.dol.gov/whd/regs/compliance/whdfs15a.pdf)

16. This Judgment encompasses claims for unpaid wages due employees of Defendants from May 9, 2013 to the date of the entry of this Judgment. This does not preclude any private right of action any individual may have under the FLSA.

17. By consenting to this Judgment, Plaintiff does not waive his right to conduct future investigations under the Act of Defendants, or investigations of any locations owned or operated in whole or in part by Defendants. Further, except for any claims arising from May 9, 2013 to the date of the entry of this Judgment, Plaintiff does not waive his right to take appropriate enforcement action with respect to any other violations, including, but not limited to, an action under §§ 17 and 16(c) for injunctive relief and collection of back wages and liquidated damages, as well as assessment of a Civil Money Penalty under § 16(e) of the Act.

18. Defendants agree that for future Wage and Hour investigations they will allow unannounced interviews of employees on site at the times chosen by Wage and Hour.

19. Nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods or locations other than those identified in this Judgment, and, notwithstanding anything to the contrary, above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes the Secretary from enforcing violations of the FLSA against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

20. Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

**IT IS SO ORDERED** this 13th day of September, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

Entry of this judgment is hereby consented to by:

| | |
|---|---|
| For Defendants: | For the Secretary: |
| | Kate S. O'Scannlain<br>Solicitor of Labor |
| | Christine Z. Heri<br>Regional Solicitor<br>IL Bar 6204656 |
| *(signature)*<br>David O. Alegria<br>Law Office of David O. Alegria<br>5895 SW 29th Street<br>Topeka, KS 66614<br>(785) 783-7065<br>(785) 478-3986 (fax)<br>doalegria@aol.com<br>alegrialaw@cox.net<br>Attorney for Defendants | Evert H. Van Wijk<br>Associate Regional Solicitor<br>PA Bar 44047<br><br>*(signature)*<br>Dana M. Hague, KS Bar 21572<br>2300 Main Street, Suite 1020<br>Kansas City, MO 64108<br>(816) 285-7260<br>(816) 285-7278 (fax)<br>hague.dana.m@dol.gov<br>Attorneys for Secretary,<br>U.S. Department of Labor |

**EXHIBIT A**

| NAME | BACK WAGES |
|---|---|
| Jose O Alvarez | $132.43 |
| Janett Arellano | $233.46 |
| Xochilt Avalos | $324.10 |
| Rosa M. Baltazar | $20.00 |
| Carlos Burelas | $2,497.48 |
| Marvella Carrasco | $69.91 |
| Maria Eugenia Cazares | $27.79 |
| Alicia Chacon | $20.00 |
| Crystal Chavez | $109.12 |
| Mario Mora Delgado | $104.04 |
| Antonio Devose | $88.67 |
| Yoriana Diaz | $20.00 |
| Alexis Estrada Ortega | $2,084.89 |
| Jesus Estrada Ortega | $352.00 |
| Jacob Francisco | $303.09 |
| Mario Mora Fuentes | $240.37 |
| Erik Gamez | $119.62 |
| Elizabeth Gaona | $41.87 |
| Heriberto Gonzalez | $129.36 |
| Gabriel Guinac | $1,610.84 |
| Victor Herrera Caxaxon | $93.46 |
| John E. Herrera Cortes | $2,238.00 |
| Claudia Molina | $30.98 |
| Elias Montejo | $693.98 |
| Jose Murillo | $160.00 |
| Luis A. Pacheco Elizondo | $140.05 |
| Miguel Rivera | $1,520.00 |
| Edin Ivan Rivera Chavez | $3,497.86 |
| Teodulo Rodriguez | $22.20 |
| Arturo R. Ruiz Hernandez | $1,651.70 |
| Alan Salinas | $138.00 |
| Ivan Soledad | $246.00 |
| Saul Solias | $150.94 |
| Sammy Soto | $115.34 |
| Maria A. Vega | $20.00 |
| **TOTAL** | **$19,247.55** |